UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>X-TREME BULLETS, INC.,<br><br>　　　　　　　　　　　　Debtor.<br><br>HOWELL MUNITIONS & TECHNOLOGY, INC., AMMO LOAD WORLDWIDE, INC., CLEARWATER BULLET, INC., HOWELL MACHINE, INC., FREEDOM MUNITIONS, LLC, LEWIS-CLARK AMMUNITION COMPONENTS, LLC, and COMPONENTS EXCHANGE, LLC,<br><br>　　　Jointly Administrated Debtors. | Case No. 3:19-cv-00637-MMD<br><br>Member Cases:<br><br>3:19-cv-666-MMD, 3:19-cv-667-MMD, and 3:20-cv-00117- MMD<br><br><br>Jointly Administered Under Bankruptcy. Case No. 18-50609-BTB (Lead Case)<br><br>Chapter 11 |
| UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY ALCOHOL AND TOBACCO TAX AND TRADE BUREAU,<br><br>　　　　　　　　　　　　Appellant,<br>　　v.<br><br>X-TREME BULLETS, INC., AMMO LOAD WORLDWIDE, INC., CLEARWATER BULLET, INC., FREEDOM MUNITIONS, LLC, HOWELL MACHINE, INC., HOWELL MUNITIONS & TECHNOLOGY, INC., LEWIS-CLARK AMMUNITION COMPONENTS, LLC, COMPONENTS EXCHANGE, LLC, KASH CA, INC.; DAVID HOWELL, Z.B. N.A. dba ZIONS FIRST NATIONAL BANK, CFO SOLUTIONS, LLC dba ADVANCED CFO, Matthew McKinlay and Valerie Grindle,<br><br>　　　　　　　　　　　　Appellees. | ORDER |

///

///

## I. SUMMARY

Debtors and debtors-in-possession—X-Treme Bullets, Inc., Ammo Load Worldwide, Inc., Clearwater Bullet, Inc., Freedom Munitions, LLC, Howell Machine, Inc., Howell Munitions & Technology, Inc., Lewis-Clark Ammunition and Components, LLC and Components Exchange, LLC (collectively, "Debtors-Appellees")—filed a motion to dismiss (ECF No. 22 ("Dismissal Motion")). The Court granted Debtors-Appellees' Dismissal Motion. (ECF No. 78.) Appellant the United States of America, on behalf of the Department of the Treasury Alcohol and Tobacco Tax and Trade Bureau ("TTB"), timely filed a motion for rehearing (ECF No. 80 ("Rehearing Motion"))[1] under Rule 8022 of the Federal Rules of Bankruptcy Procedure.

Following the Rehearing Motion, the Official Committee of Unsecured Creditors (the "Committee") filed an emergency motion to stay the case (ECF No. 84 ("Stay Motion")).[2] TTB has since filed a motion to strike (ECF No. 91 ("Strike Motion")) and a motion for leave to file brief (ECF No. 92 ("Leave Motion")) regarding Robert E. Opera's declaration (ECF No. 90). Before the Court is the issue of whether the Court overlooked or misapprehended a point of law or fact in granting Debtors-Appellees' Dismissal Motion. Because TTB merely rehashes arguments the Court already rejected, and as further explained below, the Court will deny TTB's Rehearing Motion. Additionally, the Committee's Stay Motion, and TTB's Strike and Leave Motions, are all denied as moot.

## II. BACKGROUND

The Court's prior order (ECF No. 78 at 2-10) contains a complete and accurate recitation of the factual and procedural background underlying TTB's Rehearing Motion. The Court incorporates the background as set forth therein and does not recite it here. Relevant to this order, the Court granted Debtors-Appellees' Dismissal Motion. (ECF No. 78 ("Dismissal Order").) There, the Court dismissed TTB's appeals of the Compromise

---

[1] The Court has also considered the related response, reply, and declaration. (ECF Nos. 87, 89, 90.)

[2] The Debtors-Appellees joined the Stay Motion. (ECF No. 85.)

2

Order (Case No. 3:19-cv-00637-MMD), Sale Procedures Order (Case No. 3:19-cv-00666-MMD), and Sale Order (Case No. 3:19-cv-00667-MMD). (*Id.* at 12-22.) The Court reasoned that TTB's appeals were statutorily moot under 11 U.S.C. § 363(m). (*Id.*)

## III.   LEGAL STANDARD

Rule 8022 of the Federal Rules of Bankruptcy Procedure requires a motion for rehearing to "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). "[T]he movant must identify an error committed by the Court in rendering its decision." *Reish v. Mukai*, Case No. CV-19-00400-PHX-DLR, 2020 WL 122875, *1 (D. Ariz. Jan. 10, 2020) (citing *In re Kenny G Enters., LLC*, 708, F. App'x 390 (9th Cir. 2017)). Motions under 8022 "are designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Hessco*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Armster v. United States Dist. Ct. for Cent. Dist.*, 806 F.2d 1347, 1356 (9th Cir. 1986). But "[a motion] for rehearing is not a means by which to reargue a party's case." *Id.* (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)). "Whether or not to grant [a motion for rehearing] is committed to the sound discretion of the court." *In re Fowler*, 394 F.3d 1208, 1214 (9th Cir. 2005) (quoting *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

## IV.   DISCUSSION

In the Rehearing Motion, TTB primarily asserts the Court overlooked that the additional relief provided in the Compromise Order, Sale Procedures Order, and the Sale Order (collectively, the "Orders") goes beyond the sale transaction in this matter, which effectively "eviscerates" TTB's property rights and prevents TTB from sharing in the proceeds. (ECF No. 80 at 3.) TTB more specifically makes three arguments to support its position that the Court overlooked or misapprehended law and facts in this matter. As further explained below, none are persuasive. Indeed, Debtors-Appellees[3] persuasively

---

[3]Appellee Kash CA, Inc. ("Kash CA") joined Debtors-Appellees' Opposition to TTB's Rehearing Motion. (ECF No. 88.)

counter that TTB is merely attempting to "rehash and re-litigate arguments[,]" and there is no good cause to rehear the Dismissal Order. (ECF No. 87 at 11-12.) Debtors-Appellees further argue the Court was correct in finding TTB's appeals of the Orders to be statutorily moot under § 363(m). (*Id.* at 12-14.) The Court agrees with Debtors-Appellees.

TTB first argues that the Court cannot look to the Bankruptcy Code to determine lien priority, as the Court did with respect to the Compromise Order and the Sale Order. (ECF No. 80 at 5.) But this argument mirrors the argument TTB put forward in its opposition to the Dismissal Motion, contending that the Bankruptcy Court "incorrectly authorized that the proceeds of sales to creditors in ways that are contrary to Title 11 priorities." (ECF No. 26 at 6, 11.) The Court considered this issue in the Dismissal Order, but concluded TTB's argument regarding lien priority "in its essence would undermine the sale, even if the Court were to try to separate out the issues of whether TTB's lien takes priority over other liens." (ECF No. 78 at 16-18.) Thus, the Court declines to reconsider TTB's argument because TTB is seeking "to reargue [its] case." *Anderson*, 300 F.2d at 297.

TTB next argues that the Court misapprehended the facts of the case as to the sale of non-estate property. (ECF No. 80 at 6.) TTB asserts that Debtors-Appellees improperly sold property belonging to non-debtor entities, that the Court "did not notice the allocation of purchase price to non-debtor entities because the copy of the Asset Purchase Agreement . . . did not include Schedule 11.2," and that the Court misinterpreted *State Dep't of Revenue v. Blixseth*, 942 F.3d 1179 (9th Cir. 2019). (*Id.* at 6-8.) However, like TTB's first argument, this argument is not new. TTB already argued the "sale of non-estate property is not authorized by the Bankruptcy Code." (ECF No. 26 at 10.) And the Court made clear in its Dismissal Order that it considered this argument when it stated that "TTB's paramount contention is . . . that the bankruptcy estate included non-estate property." (ECF No. 78 at 16.) The Court nonetheless found that the Orders TTB sought to appeal were integral to the sale and its effectiveness in this matter—and therefore TTB's appeals were statutorily moot under § 363(m). (*Id.* at 17.) Moreover, neither an accurate Schedule 11.2 nor TTB's proposed reading of *Blixseth* would render Debtors-Appellees'

4

proof of claim deficient. Nor does it change the Court's finding that TTB's appeals of the Orders were statutorily moot under § 363(m).

Finally, TTB argues that the Bankruptcy Court's approval of a subordination agreement sidesteps Title 11 priorities by specifically providing that sale proceeds cannot be used to pay any tax claims. (ECF No. 80 at 9.) TTB asserts that its challenge of the subordination agreement does not invalidate the transfer of assets to Kash CA or the estate's entitlement to proceeds. (*Id.*) And that a ruling for TTB would not invalidate the sale as it concerns the distribution of the proceeds. (*Id.*) For at least two reasons, the Court disagrees.

First, TTB's argument here is identical to one it put forward in—therefore rearguing—its opposition to the Dismissal Motion. (*See* ECF No. 26 at 10-11). Again, TTB's Rehearing Motion is not an appropriate means by which to reargue its case. *See Anderson*, 300 F.2d at 297. Second, this argument does not change the Court's finding that TTB's appeals of the Orders were statutorily moot under § 363(m). In fact, the Court specifically noted the Bankruptcy Court determined that "[g]ood cause exist[ed] to approve the Purchaser's Subordination Agreement" and that Kash CA "entered into [the subordination] agreement with Debtors-Appellees as an integral part of the later Sale Transaction." (ECF No. 78 at 9.) The Court concluded that this argument, among others TTB put forward, undermined the sale in this matter, as the Orders were integral to the sale and its effectiveness. (*Id.* at 16-18.) The Court has therefore already addressed and rejected TTB's argument.

In sum, for the reasons stated above, TTB has not met the standard for rehearing under Rule 8022. To the contrary, TTB largely reargues the same issues that were previously briefed and resolved in the Court's Dismissal Order. In doing so, TTB has failed to show that either points of law or facts would persuade the Court to reach a different result.

///

///

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Appellant TTB's motion for rehearing (ECF No. 80) is denied.

It is further ordered that TTB's motion to strike (ECF No. 91) is denied as moot.

It is further ordered that TTB's motion for leave to file brief (ECF No. 92) is denied as moot.

It is further ordered that the Committee's emergency motion to stay the case (ECF No. 84) is denied as moot.

DATED THIS 29th Day of October 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE